ORIGINAL

08 FEB 26 PM 1:32

RICHARD W. WIEKING
U.S. DISTRICT COURT
N. DIST. OF CA. S.J.

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   RAMONA PATRICIA CARDON
6

7

8         **IN THE UNITED STATES DISTRICT COURT**
       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                **SAN JOSE DIVISION**

10 RAMONA PATRICIA CARDON,                Case No. **C 08 01135** HRL

11                      Plaintiff,

12 v.                                     **COMPLAINT**

13                                        **DEMAND FOR JURY TRIAL**
   LHR, Inc., a New York corporation, WAYNE
14 BRIAN LEWIS, individually and in his   15 United States Code § 1692 *et seq.*
   official capacity, and DAVID J. HASTIE, California Civil Code § 1788 *et seq.*
15 individually and in his official capacity, California Civil Code § 1812.700, *et seq.*

16                      Defendants.

17        Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), based on

18 information and belief and investigation of counsel, except for those allegations which pertain to the

19 named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the

20 following allegations:

21                          **I. INTRODUCTION**

22        1.    This is an action for statutory damages, attorney fees and costs brought by an

23 individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24 § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

25 California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26 engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney

27 fees and costs for the Defendants' violation of Cal. Civil Code §§ 1812.700-1812.702.

28 ///

                                   -1-

1          2.       According to 15 U.S.C. § 1692:

2    a.      There is abundant evidence of the use of abusive, deceptive, and unfair debt

3              collection practices by many debt collectors.  Abusive debt collection practices

4              contribute to the number of personal bankruptcies, to marital instability, to the loss

5              of jobs, and to invasions of individual privacy.

6    b.      Existing laws and procedures for redressing these injuries are inadequate to protect

7              consumers.

8    c.      Means other than misrepresentation or other abusive debt collection practices are

9              available for the effective collection of debts.

10    d.      Abusive debt collection practices are carried on to a substantial extent in interstate

11              commerce and through means and instrumentalities of such commerce.  Even where

12              abusive debt collection practices are purely intrastate in character, they nevertheless

13              directly affect interstate commerce.

14    e.      It is the purpose of this title to eliminate abusive debt collection practices by debt

15              collectors, to insure that those debt collectors who refrain from using abusive debt

16              collection practices are not competitively disadvantaged, and to promote consistent

17              State action to protect consumers against debt collection abuses.

18                                **II.  JURISDICTION**

19          3.       Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

20  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

21  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

22          4.       This action arises out of Defendants' violations of the Fair Debt Collection

23  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

24                                **III.  VENUE**

25          5.       Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

26  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

27  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

28  Defendants transact business in this judicial district and the violations of the FDCPA complained

1  of occurred in this judicial district.

2  **IV. INTRADISTRICT ASSIGNMENT**

3      6.    This lawsuit should be assigned to the San Jose Division of this Court because

4  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

5  County.

6  **V. PARTIES**

7      7.    Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), is a

8  natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the

9  meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10     8.    Defendant, LHR, INC. (hereinafter "LHR"), is a New York corporation

11  engaged in the business of collecting debts in this state with its principal place of business located

12  at:  LHR, Inc., 56 Main Street, Hamburg, New York  14075-4905.  LHR may be served at:  LHR,

13  Inc., 56 Main Street, Hamburg, New York  14075-4905.  The principal purpose of LHR is the

14  collection of debts using the mails and telephone, and LHR regularly attempts to collect debts

15  alleged to be due another.  LHR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

16  and Cal. Civil Code § 1788.2(c).  LHR is a third-party debt collector subject to the federal Fair Debt

17  Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

18     9.    Defendant, WAYNE BRIAN LEWIS (hereinafter "LEWIS"), is a natural

19  person and is or was an employee, agent, officer and/or director of LHR at all relevant times.

20  LEWIS may be served at his current business address at: Wayne Brian Lewis, LHR, Inc., 56 Main

21  Street, Hamburg, New York  14075-4905 and at his residential address at: Wayne Brian Lewis, 2

22  Lakeridge Drive, Orchard Park, New York  14127-3360.  LEWIS is a "debt collector" within the

23  meaning of 15 U.S.C. § 1692a(6) and Civil Code § 1788.2(c).  LEWIS is a third-party debt collector

24  subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  Plaintiff is

25  informed and believes, and thereon alleges that LEWIS is liable for the acts of LHR because he sets

26  and approves LHR's collection policies, practices, procedures and he directed the unlawful activities

27  described herein.

28     10.    Defendant, DAVID J. HASTIE (hereinafter "HASTIE"), is a natural person

-3-

COMPLAINT

1  and is or was an employee, agent, officer and/or director of LHR at all relevant times. HASTIE may

2  be served at his current business address at: David J. Hastie, LHR, Inc., 56 Main Street, Hamburg,

3  New York 14075-4905 and at his residential address at: David J. Hastie, 54 Grand View Trail,

4  Orchard Park, New York, 14127-3756. HASTIE is a "debt collector" within the meaning of 15

5  U.S.C. § 1692a(6) and Civil Code § 1788.2(c). HASTIE is a third-party debt collector subject to

6  the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff is informed and

7  believes, and thereon alleges that HASTIE is liable for the acts of LHR because he sets and approves

8  LHR's collection policies, practices, procedures and he directed the unlawful activities described

9  herein.

10  11.  At all times herein mentioned, each of the Defendants was the agent, servant,

11  employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

12  Defendant was acting in the full course and scope of said agency, service, employment and/or joint

13  venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff

14  to refer to each Defendant, and all of them, named above.

15  **VI. FACTUAL ALLEGATIONS**

16  12.  On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

17  a financial obligation that was primarily for personal, family or household purposes, namely a

18  consumer credit card account issued by Juniper Bank and bearing the account number XXXX-

19  XXXX-XXXX-2173 (hereinafter "the alleged debt"). The financial obligation alleged to be owed

20  to Juniper Bank by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a

21  "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

22  13.  Sometime thereafter on a date unknown to Plaintiff, the alleged debt was

23  consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

24  14.  Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

25  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26  15.  A true and accurate copy of the collection letter from Defendants to Plaintiff

27  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

28  16.  The collection letter (Exhibit "1") is dated March 8, 2007.

-4-
COMPLAINT

1    17.    The collection letter (Exhibit "1") was Defendants' first written notice

2    initially addressed to Plaintiff in connection with collecting the alleged debt.

3    18.    The collection letter (Exhibit "1") does not include the notice required by Cal.

4    Civil Code § 1812.700(a).

5    19.    On or about March 13, 2007, an employee of Defendants recorded the

6    following message on Plaintiff's answering machine:

7    This is a very important message for Ramona Cardon. This is Miss Enviapiano
     calling from the New York state office of LHR. I need an immediate return call in

8    regards to document number 1844789. You can reach my office toll free. And it's
     1-800-616-5473. My direct extension is 2240.

9

10   20.    Plaintiff is informed and believes, and thereon alleges that Defendants are not

11   vouched for, bonded by or affiliated with the state of New York.

12   21.    On or about March 14, 2007, Plaintiff mailed a letter to Defendants which

13   stated: "please be advised that I dispute this debt and refuse to pay."

14   22.    A true and accurate copy of Plaintiff's letter disputing the alleged debt and

15   refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is

16   incorporated herein.

17   23.    Defendants received Plaintiff's letter disputing the alleged debt and refusing

18   to pay the alleged debt (Exhibit "2") on or about March 19, 2007.

19   24.    A true and accurate copy of the USPS Tracking Report and Certified Mail

20   Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and

21   refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this

22   reference is incorporated herein.

23   25.    On or about March 19, 2007, an employee of Defendants recorded the

24   following message on Plaintiff's answering machine:

25   This is a . . . a very important message for a Ramona Cardon. This is Miss
     Enviapiano calling from the New York state office of LHR. I need an immediate

26   return call in regards to claim number 1844789. You can reach my office toll free,
     1-800-616-5473, extension 2240.

27

28   26.    Defendants' answering machine messages were each a "communication" in

an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. Defendants' failed to disclose Defendants' identity and the nature of Defendants' business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

28. Defendants' failed to disclose that each of the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

29. After receiving Plaintiff's letter disputing the alleged debt (Exhibit "2"), Defendants continued their collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

30. After receiving Plaintiff's letter notifying Defendants of her refusal to pay the alleged debt (Exhibit "2"), Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt.

31. Thereafter, Defendants sent a second collection letter (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32. A true and accurate copy of the second collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

33. The second collection letter (Exhibit "4") is dated April 10, 2007.

34. The second collection letter (Exhibit "4") was sent in an envelope on which a postage meter stamp dated April 11, 2007, was imprinted.

35. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail on or about April 11, 2007.

36. Thereafter, Defendants sent a third collection letter (Exhibit "5") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

1   1692a(2).

2       37.     A true and accurate copy of the third collection letter from Defendants to

3   Plaintiff is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

4       38.     The third collection letter (Exhibit "5") is dated May 21, 2007.

5       39.     The third collection letter (Exhibit "5") was sent in an envelope on which a

6   postage meter stamp dated May 22, 2007, was imprinted.

7       40.     Plaintiff is informed and believes, and thereon alleges that Defendants

8   deposited the envelope containing the third collection letter (Exhibit "5") in the United States Mail

9   on or about May 22, 2007.

10      41.     Thereafter, Defendants sent a fourth collection letter (Exhibit "6") to Plaintiff

11  which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

12  1692a(2).

13      42.     A true and accurate copy of the fourth collection letter from Defendants to

14  Plaintiff is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

15      43.     The fourth collection letter (Exhibit "6") is dated September 27, 2007.

16      44.     The fourth collection letter (Exhibit "6") was sent in an envelope on which

17  a postage meter stamp dated September 28, 2007, was imprinted.

18      45.     Plaintiff is informed and believes, and thereon alleges that Defendants

19  deposited the envelope containing the fourth collection letter (Exhibit "6") in the United States Mail

20  on or about September 28, 2007.

21                          **VII.  CLAIMS**

22                  **FAIR DEBT COLLECTION PRACTICES ACT**

23      46.     Plaintiff brings the first claim for relief against Defendants under the Federal

24  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

25      47.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

26  through 45 above.

27      48.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

28  1692a(3).

49.     Defendant, LHR, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

50.     Defendant, LEWIS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

51.     Defendant, HASTIE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

52.     The financial obligation allegedly owed to Juniper Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

53.     Defendants' answering machine messages described above violate the FDCPA.  The violations include, but are not limited to, the following:

   a.     Defendants falsely represented or implied that they were vouched for, bonded by, or affiliated with the state of New York, in violation of 15 U.S.C. § 1692e(1);

   b.     Defendant falsely represented the character or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c.     Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6);

   d.     Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

54.     Defendants have further violated the FDCPA in the following respects:

   a.     Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c); and

   b.     Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy

-8-

1     of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

2          55.     Defendants' acts as described above were done intentionally with the purpose

3 of coercing Plaintiff to pay the alleged debt.

4          56.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

5 award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

6             **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

7          57.     Plaintiff brings the second claim for relief against Defendants under the

8 Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

9          58.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

10 through 56 above.

11          59.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

12 § 1788.2(h).

13          60.     Defendant, LHR, is a "debt collector" as that term is defined by the RFDCPA,

14 Cal. Civil Code § 1788.2(c).

15          61.     Defendant, LEWIS, is a "debt collector" as that term is defined by the

16 RFDCPA, Cal. Civil Code § 1788.2(c).

17          62.     Defendant, HASTIE, is a "debt collector" as that term is defined by the

18 RFDCPA, Cal. Civil Code § 1788.2(c).

19          63.     The financial obligation allegedly owed to Juniper Bank by Plaintiff is a

20 "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

21          64.     Defendants' answering machine messages described above violate the

22 RFDCPA.  The violations include, but are not limited to, the following:

23                  a.     Defendants falsely represented or implied that they were vouched for,

24                          bonded by, or affiliated with the state of New York, in violation of 15

25                          U.S.C. § 1692e(1), as incorporated by Cal. Civil Code § 1788.17 and

26                          Cal. Civil Code § 1788.13(d);

27                  b.     Defendant falsely represented the character or legal status of the

28                          alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated

by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(i);

    c.    Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

    d.    Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

65.    Defendants have further violated the RFDCPA in the following respects:

    a.    Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

    b.    Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b), as incorporated by Cal. Civil Code § 1788.17.

66.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

67.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

68.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

69.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

70.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## CALIFORNIA CONSUMER COLLECTION NOTICE

71.     Plaintiff brings the third claim for relief against Defendants under California Civil Code §§ 1812.700-1812.702.

72.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 70 above.

73.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

74.     Defendant, LHR, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

75.     Defendant, LEWIS, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

76.     Defendant, HASTIE, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

77.     The financial obligation allegedly owed to Juniper Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

78.     Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

79.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

80.     As a result of Defendants' willful and knowing violations of Cal. Civil Code

1    § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one

2    hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code

3    § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702.

4            81.    As a result of Defendants' violations of  Cal. Civil Code § 1812.700(a),

5    Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as

6    incorporated by Cal. Civil Code §§ 1788.17 and 1812.702.

7            82.    As a result of Defendants' violations of Cal. Civil Code § 1812.700(a),

8    Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil

9    Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §§ 1788.17 and

10   1812.702.

11           83.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil

12   Code § 1788.30(c) and Cal. Civil Code § 1788.17 are intended to be cumulative and in addition to

13   any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

14   **VIII.  REQUEST FOR RELIEF**

15   Plaintiff requests that this Court:

16   a.    Assume jurisdiction in this proceeding;

17   b.    Declare that Defendants' answering machine messages violated the Fair Debt

18       Collection Practices Act, 15 U.S.C. §§ 1692e(1), 1692e(2)(A), 1692d(6) and

19       1692e(11);

20   c.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

21       §§ 1692c(c) and 1692g(b);

22   d.    Declare that Defendants' answering machine messages violated the Rosenthal Fair

23       Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.13(d), 1788.13(i)

24       and 1788.17;

25   e.    Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act,

26       Cal. Civil Code § 1788.17;

27   f.    Declare that Defendants' collection letter attached hereto as Exhibit "1" violates Cal.

28       Civil Code § 1812.700(a) in that it does not contain the required "Consumer

-12-

COMPLAINT

1        Disclosure Notice";

2    g.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

3        15 U.S.C. § 1692k(a)(2)(A);

4    h.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

5        $1,000 pursuant to Cal. Civil Code § 1788.30(b);

6    i.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

7        15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

8    j.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

9        $1,000 pursuant to Cal. Civil Code § 1788.30(b), as incorporated by Cal. Civil Code

10        § 1812.702;

11    k.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

12        15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §§ 1788.17 and

13        1812.702;

14    l.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

15        U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c), as

16        incorporated by Cal. Civil Code § 1812.702; and

17    m.    Award Plaintiff such other and further relief as may be just and proper.

18

19                    CONSUMER LAW CENTER, INC.

20

21    By: /s/ Fred W. Schwinn
                    Fred W. Schwinn, Esq.
22                    Attorney for Plaintiff
                    RAMONA PATRICIA CARDON

23

24

25

26

27

28

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4                                              /s/ Fred W. Schwinn
                                              Fred W. Schwinn, Esq.
5

6

## DEMAND FOR JURY TRIAL

7    PLEASE TAKE NOTICE that Plaintiff, RAMONA PATRICIA CARDON, hereby demands

8  a trial by jury of all triable issues of fact in the above-captioned case.

9
                                              /s/ Fred W. Schwinn
10                                             Fred W. Schwinn, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# L H R

6341 INDUCON DRIVE EAST
SANBORN, NY 14132-9097

If paying by Credit Card, please complete this section

| | | CARD NUMBER | AMOUNT |
| □ | VISA | | |
| □ | | SIGNATURE | EXP.DATE |
| CARDHOLDER NAME (Please Print) | | | |

ADDRESS SERVICE REQUESTED

03/08/2007

Re: LHR INC.
Account #: 5140217994962173
Balance: $2,016.69

1844789

#BWNDLZK                                    00201
#DDD0 08X1 ATD0#        *A-02-8RC-AM-03057

RAMONA DDM
893 LENZEN AVE APT 314                    11
SAN JOSE CA 95126-2750

LHR INC.
56 MAIN STREET
HAMBURG, NY 14075-4905

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DETACH AND RETURN TOP PORTION WITH PAYMENT

Original Account #: 5140217994962173
Balance Owed: $2,016.69
Original Client: Juniper Bank

YOUR account listed above has been assigned to us to COLLECT.

YOU may not have intentionally neglected this obligation, but it is past due and needs your prompt attention.

At this time we ask that you:

1. Remit payment in full to this office.

2. If alleged debt is disputed or paid - contact us by phone or in writing.

3. If you cannot pay in full at this time, we will settle your account for $1,714.19.  Feel free to contact us at
1-800-323-9245 to discuss this matter.

4. You may also make payment on our website at LHRInc.com.

Please note the FDCPA requirements 807 (11) and 809 below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion of it, LHR Inc. will assume the debt to be valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or a copy of a judgment against you and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

This is an attempt to collect a consumer debt.  Any information obtained will be used for that purpose.

*Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132) located in the left hand upper corner of this notice, is not the address of LHR, Inc.  This address is for processing undeliverable mail only.  Please do not send correspondence or payment to that address.  Please send payments or correspondence to LHR, Inc., 56 Main Street, Hamburg, NY 14075-4905.

Please see reverse side for important privacy information.

```
EXHIBIT

1
```

MON-THU 8AM - 9PM, FRIDAY 8AM - 4PM EST

LHR

**LHR Inc**
**Privacy Policy**

**LHR Inc., a debt collection company, recognizes the necessity of keeping our information about you secure and confidential. As such we do not disclose information to third parties.**

**THIS STATEMENT HAS NO EFFECT ON YOUR RIGHTS TO DISPUTE OR REQUEST VALIDATION OF ANY DEBT REFERENCED IN LETTER RECEIVED WITH THIS NOTICE**

## REFUSE TO PAY LETTER

LHR Inc
Collection Agency's Name

56 Main St
Collection Agency's Address

Humburg NY 14075-4965

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

7005 3110 0000 4788 2028
Tracking Number

3/14/07
Today's Date

Re: Account No. 514021799962173

Dear Sir or Madam:

I have enclosed a copy of the last collection letter that you sent to me.

In this regard, please be advised that I dispute this debt and refuse to pay.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

Ramona Cordon
Sign your name here

Ramona Cordon
Print your name here

843 Lenzen Ave #314
Print your address here

San Jose CA, 95126

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To LHR Inc
Street, Apt. No.; or PO Box No. 56 Main St
City, State, ZIP+4 Humburg, NY 14075-4965

PS Form 3800, June 2002          See Reverse for Instructions

EXHIBIT
2

# L<sub>H</sub>R

**6341 INDUCON DRIVE EAST**
**SANBORN, NY 14132-9097**

ADDRESS SERVICE REQUESTED

03/08/2007

#BWNDLZK
#DDD0 08X1 ATD0#        *A-02-8RC-AM-03057     00201

RAMONA DDM
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750                    11

If paying by Credit Card, please complete this section

| | | CARD NUMBER | AMOUNT |
| --- | --- | --- | --- |
| ☐ | VISA | | |
| ☐ | | SIGNATURE | EXP. DATE |
| | | CARDHOLDER NAME (Please Print) | |

Re: LHR INC.
Account #: 5140217994962173
Balance: $2,016.69

1844789

LHR INC.
56 MAIN STREET
HAMBURG, NY 14075-4905

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DETACH AND RETURN TOP PORTION WITH PAYMENT

Original Account #: 5140217994962173
Balance Owed: $2,016.69
Original Client: Juniper Bank

YOUR account listed above has been assigned to us to COLLECT.

YOU may not have intentionally neglected this obligation, but it is past due and needs your prompt attention.

At this time we ask that you:

1. Remit payment in full to this office.

2. If alleged debt is disputed or paid - contact us by phone or in writing.

3. If you cannot pay in full at this time, we will settle your account for $1,714.19.  Feel free to contact us at 1-800-323-9245 to discuss this matter.

4. You may also make payment on our website at LHRInc.com.

Please note the FDCPA requirements 807 (11) and 809 below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion of it, LHR Inc. will assume the debt to be valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or a copy of a judgment against you and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

This is an attempt to collect a consumer debt.  Any information obtained will be used for that purpose.

*Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132) located in the left hand upper corner of this notice, is not the address of LHR, Inc.  This address is for processing undeliverable mail only.  Please do not send correspondence or payment to that address.  Please send payments or correspondence to LHR, Inc., 56 Main Street, Hamburg, NY 14075-4905.

Please see reverse side for important privacy information.

MON-THU 8AM - 9PM, FRIDAY 8AM - 4PM EST

**LHR Inc**
**Privacy Policy**

**LHR Inc., a debt collection company, recognizes the necessity of keeping our information about you secure and confidential. As such we do not disclose information to third parties.**

**THIS STATEMENT HAS NO EFFECT ON YOUR RIGHTS TO DISPUTE OR REQUEST VALIDATION OF ANY DEBT REFERENCED IN LETTER RECEIVED WITH THIS NOTICE**



UNITED STATES
POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7005 3110 0000 4788 2028**
Detailed Results:

- **Delivered, March 19, 2007, 10:33 am, HAMBURG, NY 14075**
- **Arrival at Unit, March 19, 2007, 9:40 am, HAMBURG, NY 14075**
- **Acceptance, March 14, 2007, 3:35 pm, SAN JOSE, CA 95113**

( < Back )          ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature LHR INC.<br>X  56 MAIN ST.  ☐ Agent<br>HAMBURG, NY 14075  ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>Planett  3-19<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>*LHR Inc*<br>*56 Main st.*<br><br>*Hamburg NY*<br>*14075-44*| 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7005 3110 0000 4788 2028 |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |

EXHIBIT
3



**LHR** 6341 INDUCON DRIVE EAST
SANBORN, NY 14132-9097

If paying by Credit Card, please complete this section

| ☐ VISA | CARD NUMBER | AMOUNT |
| ☐ | SIGNATURE | EXP.DATE |
| CARDHOLDER NAME (Please Print) | | |

ADDRESS SERVICE REQUESTED

04/10/2007

Re: LHR INC.
Account #: 5140217994962173
Balance: $2,076.42

1844789

#BWNDLZK
#DDD0 093M 5LR3#          00202
                 *A-02-V8X-AM-04295

RAMONA DDM
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750          18

LHR INC.
56 MAIN STREET
HAMBURG, NY 14075-4905

---

DETACH AND RETURN TOP PORTION WITH PAYMENT

Re: Juniper Bank
Account #: 5140217994962173
Balance: $2,076.42

This notice is to inform you that all collection procedures in regards to your Juniper Bank account is being handled by LHR Inc.

We at LHR Inc. understand that difficult times may have caused this problem. Your situation may be correcting itself and LHR Inc. would like to help resolve this matter.

In reviewing your account, LHR Inc. has concluded that the following two options can assist you in correcting this situation.

1. Remit a settlement in the amount of $1,349.67 to be received on or before 05/14/2007 closing your account as settled in full.

This money can be obtained through several sources: Tax return, credit card, check, equity loan, consolidation loan or a personal source.

2. A monthly repayment plan, determined by you, to be received on or before 05/14/2007, and to be received by the date every month thereafter until the original balances are paid.

Our representatives are trained to offer assistance regarding your obligation. It is important for you to contact this office at 1-800-323-9245.

FEDERAL LAW REQUIRES THAT WE NOTIFY YOU THAT THIS IS AN ATTEMPT TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,

J. P. Michaels
Department Manager

*Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132) located in the left hand upper corner of this notice, is not the address of LHR, Inc. This address is for processing undeliverable mail only. Please do not send correspondence or payment to that address. Please send payments or correspondence to LHR, Inc., 56 Main Street, Hamburg, NY 14075-4905.

Please see reverse side for important privacy information.



MON-THU 8AM - 9PM, FRIDAY 8AM - 4PM EST

LHR

If you prefer that we not disclose non-public personal information about you to non –affiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures (other than permitted by law).  If you wish to opt out of disclosures to non-affiliated third parties, you may:

    a.   Call the following toll free number: 1-888-845-5995; or
    b.   Complete, detach and mail the following form to: LHR Inc., 56 Main St., Hamburg, NY 14075.

---

Please use this form if you wish to decline or "opt out" of information sharing.

       I wish to exercise my right to opt out of certain third – party information sharing, as described in this privacy notice. Information is requested to assist us in identifying your account to implement your opt-out decision.  You should be aware of the fact that this notice is forwarded by a debt collector to comply with federal law.

Name: _____        Phone Number: _____

Address: _____

Date: _____.

## THIS NOTICE HAS NO EFFECT ON YOUR RIGHTS TO DISPUTE OR REQUEST VALIDATION OF ANY DEBT REFERENCED IN LETTER RECEIVED WITH THIS NOTICE

### LHR INC.
### PRIVACY POLICY

LHR INC. a debt collection company recognizes the necessity of keeping our information about you secure and confidential.  The following policy covers Customer Information, which means personally identifiable information about a consumer or a consumer's current or former relationship with LHR Inc.  This policy is provided to you as required by the Federal Financial Privacy Law, 15 U.S.C. 6801-6810.

### INFORMATION COLLECTION

We collect non-public personal information about you from the following sources:
- Information we receive about you from you on applications or other forms.
- Information about your transactions with us, prior owners of your account, our affiliates, or other, and
- Information we receive from a consumer - reporting agency.

### INFORMATION DISCLOSED

We may disclose the following kinds of non – public personal information about you:
- Information we have received from you on your application or other forms, such as your name, your address, your social security number and your employer.
- Information about your transactions with us, prior owners of your account, our affiliates, or other, such as payment history and account balance.
- Information we receive from a consumer – reporting agency, such as your social security number, your address, and your employer.

### CATEGORIES OF AFFILIATES AND NON–AFFILIATED PARTIES TO WHOM INFORMATION IS DISCLOSED

We may collect non-public personal information about you to the following types of third parties:
- Financial service providers such as credit grantors, collection agencies and debt buyers.
- We may also disclose non-public personal information about you to affiliated debt purchasers, and non–affiliated third parties as permitted by law.

### POLICIES AND PRACTICES TO PROTECT CONFIDENTIALITY AND SECURITY OF INFORMATION

Whenever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance.

We restrict access to non-public personal information about you to those associates who need to know that information to service your account(s).  We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your non–public personal information.



LHR

6341 INDUCON DRIVE EAST
SANBORN, NY 14132-9097

ADDRESS SERVICE REQUESTED

#BWNDLZK
#DDD0 093M 5LR3#
*A-02-V8X-AM-04295
RAMONA DDM
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750

18



PRESORTED
FIRST CLASS

APR 11 '07

U.S. POSTAGE

0.293

**L H R**

6341 INDUCON DRIVE EAST
SANBORN, NY 14132-9097

If paying by Credit Card, please complete this section

| | CARD NUMBER | AMOUNT |
| ☐ VISA | | |
| ☐ | SIGNATURE | EXP. DATE |

CARDHOLDER NAME (Please Print)

ADDRESS SERVICE REQUESTED

Re: LHR INC.
Account #: 5140217994962173
Balance: $2,150.63

05/21/2007

1844789

#BWNDLZK
#DDD0 09B5 3GV6#        00203
                  *A-02-MPW-AM-00680

RAMONA DDM
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750                4

LHR INC.
56 MAIN STREET
HAMBURG, NY 14075-4905

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DETACH AND RETURN TOP PORTION WITH PAYMENT

Re: Juniper Bank
Account #: 5140217994962173
Current: $2,150.63

We have been unable to reach you by telephone concerning your Juniper Bank account.

We are not impossible to work with, but by ignoring us, it will appear that you are not concerned about any further activity we may take against you.

### !!!!!!! WE HAVE A SOLUTION !!!!!!!

LHR Inc. will offer you a settlement of $1,397.91.

LHR Inc. will also update your account status as PAID IN FULL.

This payment must be received in our office on or before 06/22/2007.

If for some reason you cannot take advantage of this offer, please call 1-800-323-9245 and a trained counselor will assist you on how to resolve your obligation.

FEDERAL LAW REQUIRES THAT WE NOTIFY YOU THAT THIS IS AN ATTEMPT TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,

Richard Hart
Department Manager

*Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132) located in the left hand upper corner of this notice, is not the address of LHR, Inc. This address is for processing undeliverable mail only. Please do not send correspondence or payment to that address. Please send payments or correspondence to LHR, Inc., 56 Main Street, Hamburg, NY 14075-4905.

Please see reverse side for important privacy information.



EXHIBIT
5

MON-THU 8AM - 9PM, FRIDAY 8AM - 4PM EST

LHR

If you prefer that we not disclose non-public personal information about you to non –affiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures (other than permitted by law). If you wish to opt out of disclosures to non-affiliated third parties, you may:

    a.   Call the following toll free number: 1-888-845-5995; or
    b.   Complete, detach and mail the following form to: LHR Inc., 56 Main St., Hamburg, NY 14075.

---

Please use this form if you wish to decline or "opt out" of information sharing.

       I wish to exercise my right to opt out of certain third – party information sharing, as described in this privacy notice. Information is requested to assist us in identifying your account to implement your opt-out decision. You should be aware of the fact that this notice is forwarded by a debt collector to comply with federal law.

Name: _____       Phone Number: _____

Address: _____    _____

Date: _____.

## THIS NOTICE HAS NO EFFECT ON YOUR RIGHTS TO DISPUTE OR REQUEST VALIDATION OF ANY DEBT REFERENCED IN LETTER RECEIVED WITH THIS NOTICE

### LHR INC.
### PRIVACY POLICY

LHR INC. a debt collection company recognizes the necessity of keeping our information about you secure and confidential. The following policy covers Customer Information, which means personally identifiable information about a consumer or a consumer's current or former relationship with LHR Inc. This policy is provided to you as required by the Federal Financial Privacy Law, 15 U.S.C. 6801-6810.

### INFORMATION COLLECTION

We collect non-public personal information about you from the following sources:

- Information we receive about you from you on applications or other forms.
- Information about your transactions with us, prior owners of your account, our affiliates, or other, and
- Information we receive from a consumer - reporting agency.

### INFORMATION DISCLOSED

We may disclose the following kinds of non – public personal information about you:

- Information we have received from you on your application or other forms, such as your name, your address, your social security number and your employer.
- Information about your transactions with us, prior owners of your account, our affiliates, or other, such as payment history and account balance.
- Information we receive from a consumer – reporting agency, such as your social security number, your address, and your employer.

### CATEGORIES OF AFFILIATES AND NON–AFFILIATED PARTIES TO WHOM INFORMATION IS DISCLOSED

We may collect non-public personal information about you to the following types of third parties:

- Financial service providers such as credit grantors, collection agencies and debt buyers.
- We may also disclose non-public personal information about you to affiliated debt purchasers, and non–affiliated third parties as permitted by law.

### POLICIES AND PRACTICES TO PROTECT CONFIDENTIALITY AND SECURITY OF INFORMATION

Whenever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance.

We restrict access to non-public personal information about you to those associates who need to know that information to service your account(s). We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your non–public personal information.



L**H**R

6341 INDUCON DRIVE EAST
SANBORN, NY 14132-9097

ADDRESS SERVICE REQUESTED

#BWNDLZK
#DDD0 09B5 3GV6#
RAMONA DDM
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750

00203
*A-02-MPW-AM-00660

4



PRESORTED
FIRST CLASS

MAILED FROM
ZIP CODE
74304 3000
PREMIER
A MAILER

U.S.POSTAGE

0.312

 56 MAIN ST
HAMBURG, NY  14075

RETURN SERVICE REQUESTED

**1844789**
**RAMONA CARDON DDM**
**893 LENZEN AVE APT 314**
**SAN JOSE, CA 95126**

September 27, 2007

ORIGINAL CREDITOR: *Juniper Bank*
CURRENT BALANCE: *$2,384.12*
ACCOUNT# *5140217994962173*

Re:    Dispute Investigation

Please be advised that we placed your account referenced above with our Disputes Department for investigation upon our receipt of your recent correspondence.

To date, we have not received information from you to support your position.  We will hold your account in the Disputes Department for investigation for a period of thirty (30) days from the date of this letter.  In that interim period, we will update our trade line with the Credit Bureaus to reflect the account as disputed.

If we do not receive information from you within the thirty (30) day timeframe, we will terminate the disputes investigation pertaining to this account and our company will no longer treat this account as a disputed account.

If you have any questions, please contact the Disputes Department at 1-888-275-8116.

*FEDERAL LAW REQUIRES WE NOTIFY YOU THAT THIS IS AN ATTEMPT TO COLLECT A CONSUMER DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.*

SINCERELY,

Elizabeth Steinberg
Dispute Coordinator
1-888-275-8116
00100

MON-THURS 8AM-9PM, FRIDAY 8AM-4PMEST


EXHIBIT
6

**LHR**

56 MAIN ST
HAMBURG, NY

1844789
RAMONA CARDON DDM
893 LENZEN AVE APT 314
SAN JOSE, CA 95126

9512632750 0020



UNITED STATES
0002413544   SEP 28 2007
02 1P
$00.410
PITNEY BOWES
MAILED FROM ZIP CODE 14075